**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4787**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHRISTOPHER ANDREW WARD,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:09-cr-00355-JFM-1)

———————————

Submitted:  April 24, 2012          Decided:  May 18, 2012

———————————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Christopher J. Purpura, OFFICE OF WILLIAM PURPURA, Baltimore,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Peter M. Nothstein, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consonant with the terms of his conditional plea agreement, Christopher Andrew Ward appeals the district court's denial of his motion to suppress evidence leading to his conviction for possession of a firearm by a convicted felon. We have reviewed the record, and we affirm.

The district court's legal conclusions underlying a suppression determination are reviewed de novo while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

The crux of Ward's argument on appeal is that he was "seized" for purposes of the Fourth Amendment when several law enforcement officers pulled the unmarked pickup truck they were driving to the curb beside Ward and immediately asked him whether he was carrying a gun. According to Ward, no reasonable suspicion supported that seizure, and all evidence flowing from the seizure should therefore be suppressed.

But, as the Government points out, a Fourth Amendment "seizure" occurs only when, "under the totality of the circumstances, a reasonable person in the suspect's position 'would not feel free to leave or otherwise terminate the

2

encounter.'" United States v. Perry, 560 F.3d 246, 253 (4th Cir. 2009) (quoting United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002)). As we have emphasized, "[t]he fact that a police officer seeks cooperation or information by itself . . . does not establish a seizure." United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008). Thus, "[i]f all that is involved is the officer approaching a person, announcing that he is an officer, and asking if the person would be willing to answer some questions, then no reasonable suspicion is required because no 'seizure' has occurred." United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008).

In Ward's case, the three officers involved remained seated in the pickup truck while Ward was on a sidewalk nearby, were not brandishing firearms, did not command Ward to stop or move his arms, did not physically touch Ward, and merely asked a single question in a conversational tone. On these facts, we can only conclude that Ward was free to leave the officers without responding to their question, but voluntarily chose not to — a classic scenario of a consensual police-citizen encounter that does not require any reasonable suspicion. Weaver, 282 F.3d at 309-10; United States v. Orman, 486 F.3d 1170, 1175-76 (9th Cir. 2007).

Furthermore, by the time that Ward actually was seized — namely, when he was grasped by the sweatshirt and tackled —

3

his seizure was supported by reasonable suspicion. "A reasonable suspicion is demonstrated when an officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, evince more than an inchoate and unparticularized suspicion or hunch of criminal activity." United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (citation omitted). In this case, the officers possessed reasonable suspicion to frisk Ward based on the confluence of several factors, including Ward's presence in a high-crime area that had been specifically targeted due to its recent history of violent murders, see United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008); Ward's nervousness, see United States v. Massenburg, 654 F.3d 480, 490 (4th Cir. 2011); the late hour, see United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993); Ward's "blading" behavior, see United States v. Simmons, 437 F. App'x 215, 220-21 (4th Cir. Jul. 5, 2011) (unpublished); United States v. Collins, 272 F. App'x 219, 222 (4th Cir. Sept. 4, 2007) (unpublished) (per curiam); and Ward's unprovoked flight, see Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000).

In our view, the combination of these circumstances constitutes "sufficient objective evidence" demonstrating reasonable suspicion that Ward was carrying a weapon. United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008). And immediately after he was tackled, Ward admitted that he had a

4

weapon, giving the officers probable cause to search his person until they found it. The officers' actions therefore did not violate Ward's Fourth Amendment rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

AFFIRMED